UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSE BUNTON and | § | |
| JOHN JONES | § | |
| Plaintiffs, | § | Civil Action No.: |
| | § | |
| vs. | § | |
| | § | |
| PALACIOS MARINE & INDUSTRIAL | § | |
| GLOBAL ENTERPRISES, LLC, | § | |
| PALACIOS MARINE & INDUSTRIAL | § | |
| COATINGS, INC. d/b/a PALACIOS MARINE | § | |
| & INDUSTRIAL, and | § | |
| PMI TERMINAL SERVICES, LLC | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME PLAINTIFFS, Jesse Bunton (hereinafter referred to as "Mr. Bunton") and John Jones (hereinafter referred to as "Mr. Jones") (collectively hereinafter referred to as "Plaintiffs"), and complain of Defendants Palacios Marine & Industrial Global Enterprises, LLC, Palacios Marine & Industrial Coatings, Inc. d/b/a Palacios Marine & Industrial, and PMI Terminal Services, LLC (hereinafter referred to as "Defendants"), and for cause of action would show the Court as follows:

## I.
## INTRODUCTION

1. This is an action to recover overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. This action seeks equitable relief, actual and liquidated damages, attorney's fees, taxable costs of court, and pre-judgment and post-judgment interest for Defendants' willful failure to pay overtime wages pursuant to 29 U.S.C. § 216(b) to Plaintiffs in the course of their employment with the Defendants.

3.   Plaintiffs demand a jury trial on all issues that may be tried to a jury.

4.   This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## II.
## JURISDICTION AND VENUE

5.   Plaintiffs bring this action to recover unpaid overtime compensation from the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

6.   This Court also has jurisdiction of these claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

7.   Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1391(b) and (c)(2) because the district has personal jurisdiction over Defendants, and Defendants therefore reside in this district.

## III.
## PARTIES

8.   Plaintiff Jesse Bunton, is a resident of Harris County, Texas, who engaged in interstate commerce or in the production of goods for interstate commerce in performing his duties for Defendants.

9.   Plaintiff John Jones, is a resident of Harris County, Texas, who engaged in interstate commerce or in the production of goods for interstate commerce in performing his duties for Defendants.

10.   Defendant Palacios Marine & Industrial Global Enterprises, LLC is a validly existing Texas limited liability company. This Defendant may be served by serving its registered agent, The Chau Law Firm, P.C., 14380 FM 2853, Suite A, Palacios, Texas 77465, or at any other address where it may be found.  Defendant Palacios Marine & Industrial Global Enterprises, LLC is an

entity engaged in interstate commerce or in the production of goods for interstate commerce.

11.  Defendant Palacios Marine & Industrial Coatings, Inc. d/b/a Palacios Marine & Industrial is a validly existing Texas corporation. This Defendant may be served by serving its registered agent, The Chau Law Firm, P.C., 14380 FM 2853, Suite A, Palacios, Texas 77465, or at any other address where it may be found.  Defendant Palacios Marine & Industrial Global Enterprises, LLC is an entity engaged in interstate commerce or in the production of goods for interstate commerce.

12.  Defendant PMI Terminal Services, LLC is a validly existing Texas limited liability company. This Defendant may be served by serving its registered agent, The Chau Law Firm, P.C., 14380 FM 2853, Suite A, Palacios, Texas 77465, or at any other address where it may be found. Defendant Palacios Marine & Industrial Global Enterprises, LLC is an entity engaged in interstate commerce or in the production of goods for interstate commerce.

## IV.
## FACTS

13.  Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

14.  At all times relevant to this action, Defendants have been subject to the requirements of the FLSA.

15.  For purposes of this action related to violations of the FLSA the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

16.  Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was

committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

17. At all material times, the Defendants were an employer within the meaning of the FLSA, 29 U.S.C. § 203(d)

18. At all material times, the Defendants have been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

19. At all material times, the Defendants have been an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of the FLSA because it had employees engaged in interstate commerce and it engaged in activities that constitute being engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

20. At all material times, Plaintiffs were employees who were engaged in interstate commerce or in the production of goods for interstate commerce as required by 29 U.S.C. §§ 206-207.

21. Defendants are a full service General Mechanical Contractor which provide fabrication services and field services, in Southeast Texas.

22. Defendants are involved in setting company policies of the business.

23. Defendants had the authority to hire, fire, discipline and set the schedules of Plaintiffs.

24. Defendants had the authority to set pay rates of their employees including Plaintiffs.

25. Defendants had the authority to direct and supervise the work of their employees including Plaintiffs.

26. Defendants had the authority to make decisions regarding employee compensation.

27. Defendants had the authority to sign on such business' checking accounts, including

payroll accounts.

28. Defendants set the hours of Plaintiffs.

29. Defendants assigned job duties to Plaintiffs.

30. Defendants were only allowed to submit the number of hours designated on their assigned schedules for compensation, which was typically forty-eight (48) hours, per seven (7) day workweek. In fact, Defendants were strictly forbidden from submitting the accurate number of hours worked, which was regularly more than the number of hours designated on their assigned schedules.

31. Defendants knew about the requirements to pay overtime but intentionally chose not to follow them. Consequently, Defendants' actions constitute willfulness under the law.

### *Jesse Bunton*

32. Defendants employed Plaintiff Jesse Bunton as an Operator, from on or about November 2015 until on or about January 15, 2018.

33. Mr. Bunton worked an average of well over forty (40) hours per workweek during his employment with the Defendants. In fact, Mr. Bunton routinely worked fifty-two (52) hours or more per week.

34. Defendants did not provide proper overtime compensation for all of the hours Mr. Bunton worked over forty (40) in a workweek.

35. Specifically, Defendants did not pay Mr. Bunton time and a half of his regular rate of pay for hours worked over forty (48) in a workweek.

36. Mr. Bunton attended daily mandatory meetings, scheduled thirty (30) minutes prior to his assigned shift, for which he was not compensated.

37. Mr. Bunton also regularly worked thirty (30) minutes or more beyond his assigned

shift, for which he was not compensated.

38.  Mr. Bunton is a non-exempt employee.

39.  Mr. Bunton did not use independent judgment and discretion with respect to matters of significance.

40.  Mr. Bunton's primary job duty is non-office work.

41.  Mr. Bunton did not have the authority to hire, fire, discipline or promote employees.

42.  Mr. Bunton did not train employees.

43.  Mr. Bunton did not have the authority to set or adjust pay rates for employees.

44.  Mr. Bunton did not have the authority to decide other employees' work schedules.

45.  Mr. Bunton did not have the authority to evaluate and/or review other employees' work performances.

46.  Mr. Bunton did not customarily and regularly direct the work of two or more full time employees.

47.  During his hours worked for Defendants, Mr. Bunton performed the function of his job, which includes the performance of duties typically performed by "hourly" paid non-exempt employees because the job required it, and the Defendants' management demanded it.

***John Jones***

48.  Defendants employed Plaintiff John Jones as an Operator, from on or about October 2015 until on or about December 2017.

49.  Mr. Jones worked an average of well over forty (40) hours per workweek during his employment with the Defendants.  In fact, Mr. Jones routinely worked sixty (60) hours or more per week.

50.  Defendants did not provide proper overtime compensation for all the hours Mr. Jones

worked over forty (40) in a workweek.

51.  Specifically, Defendants did not pay Mr. Jones time and a half of his regular rate of pay for hours worked over forty-eight (48) in a workweek.

52.  Mr. Jones attended daily mandatory meetings, scheduled thirty (30) minutes prior to his assigned shift, for which he was not compensated.

53.  Mr. Jones also regularly worked one and one-half (1.5) hours or more beyond his assigned shift, for which he was not compensated.

54.  Mr. Jones is a non-exempt employee.

55.  Mr. Jones did not use independent judgment and discretion with respect to matters of significance.

56.  Mr. Jones' primary job duty is non-office work.

57.  Mr. Jones did not have the authority to hire, fire, discipline or promote employees.

58.  Mr. Jones did not train employees.

59.  Mr. Jones did not have the authority to set or adjust pay rates for employees.

60.  Mr. Jones did not have the authority to decide other employees' work schedules.

61.  Mr. Jones did not have the authority to evaluate and/or review other employees' work performances.

62.  Mr. Jones did not customarily and regularly direct the work of two or more full time employees.

63.  During his hours worked for Defendants, Mr. Jones performed the function of his job, which includes the performance of duties typically performed by "hourly" paid non-exempt employees because the job required it, and the Defendants' management demanded it.

## V.
## CLAIM FOR RELIEF

64. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

**Unpaid overtime compensation under the FLSA**

65. Plaintiffs are considered non-exempt employees.

66. Plaintiffs are entitled to receive overtime pay for all hours they have worked in excess of forty (40) hours a week during each seven-day workweek.

67. During their employment with the Defendants, Plaintiffs routinely worked more than forty (40) hours per week.

68. Defendants did not pay Plaintiffs their entitled pay (including overtime pay) for all those hours worked in excess of forty (40) hours per week.

69. Defendants have violated the FLSA, by failing to pay Plaintiffs overtime pay for all hours worked in excess of forty (40) hours per week.

70. Defendants have not made a good faith effort to comply with the FLSA, and have thus violated the requirements of the federal statute.

71. Defendants have failed to maintain a complete, accurate and contemporaneous record of the number of hours Plaintiffs worked during each workweek of their employment with the Defendants.

72. Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

73. No exemption excused the Defendants from paying Plaintiffs overtime pay for hours worked over forty (40) hours per week.

74. Rather, Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice regarding overtime compensation due to Plaintiffs.

75. Plaintiffs seek an amount of back-pay equal to the unpaid overtime compensation

owed to them.

76.  Plaintiffs seek an additional equal amount as liquidated damages, and their reasonable attorney's fees and costs under 29 U.S.C. § 216(b), along with pre-judgment and post-judgment interest at the highest rate allowed by law.

## VI.
## ATTORNEY'S FEES

77.  Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

78.  Plaintiffs are entitled to recover attorney's fees and costs for prosecuting this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## VII.
## JURY DEMAND

79.  Plaintiffs make a formal demand for a jury trial in this matter.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Jesse Bunton and John Jones respectfully request that, upon final hearing, the Court grant them relief as follows:

a.  Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. § 206, 207, and/or 215, by failing to pay Plaintiffs overtime pay at one and one-half times their regular hourly rates of pay for all hours in excess of forty (40) hours worked during each seven-day workweek;

b.  Order Defendants to pay Plaintiffs the difference between (i) what Defendants should have paid Plaintiffs for all hours worked during the relevant period, including overtime hours worked during the relevant period, and (ii) what Plaintiffs were actually paid for those hours worked.

c.  Order Defendants to pay an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

d.  Order Defendants to pay Plaintiffs' reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

e.    Order Defendants to pay pre-judgment and post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendants; and

f.    Order all further relief, whether legal, equitable or injunctive, as necessary to grant Plaintiffs full relief to which they may be entitled under the law.

Respectfully submitted,

**GARCIA-MARTIN & MARTIN, P.C.**

By:____/s/ Lionel Martin_____
     Lionel Martin
     Texas State Bar No. 24037032
     Federal I.D. No. 31342
     Lmartin@mgmartinlaw.com

     12946 S. Dairy Ashford Road
     Suite 220
     Sugar Land, Texas 77478
     Tel: (281) 277-3066
     Fax: (281) 277-3067

     *Attorneys for Plaintiffs*
     *Jesse Bunton and John Jones*

**OF COUNSEL:**

**GARCIA-MARTIN & MARTIN, P.C.**

Melissa Garcia-Martin
Federal I.D. No. 38613
Texas State Bar No. 24039035
mmartin@mgmartinlaw.com

12946 S. Dairy Ashford Road
Suite 220
Sugar Land, Texas 77478
Tel:  (281) 277-3066
Fax: (281) 277-3067